RECEIVED
AUG 1 6 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| ANGELLA G. MCFARLAIN | * | CIVIL ACTION NO. 04-1275 |
| VERSUS | * | MAGISTRATE JUDGE HILL |
| CARRIER SALES AND DISTRIBUTION, L.L.P. | * | BY CONSENT OF THE PARTIES |

## MEMORANDUM RULING ON
## MOTION FOR PARTIAL SUMMARY JUDGMENT

Pending before the Court is the Motion for Partial Summary Judgment filed by defendant, Carrier Sales and Distribution, L.L.P. ("Carrier"), on June 29, 2005 (rec. doc. 16). Plaintiff, Angella G. McFarlain ("McFarlain"), has filed opposition. For the reasons set forth below, the motion is **GRANTED**.

### Background

Plaintiff, who is a female, was employed by Carrier as a sales associate. She asserts that she was paid less than other similarly situated sales center associates who were male solely on the basis of her gender. On June 14, 2004, she filed suit in this Court pursuant to the Equal Pay Act, 29 U.S.C. § 206, and "other applicable provisions of federal law and the Louisiana Civil Code and Revised Statutes." (rec. doc. 1, ¶ 7).

On June 29, 2005, Carrier filed the instant motion for summary judgment seeking to dismiss McFarlain's claim for front pay.

## Summary Judgment Standard

A motion for summary judgment shall be granted if the pleadings, depositions, and affidavits submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*). When the burden at trial rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case. *International Association of Machinists and Aerospace Workers, AFL-CIO v. Compania Mexicana de Aviacion, S.A.*, 199 F.3d 796, 798 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

Courts consider the evidence in the light most favorable to the nonmovant, yet the nonmovant may not rely on mere allegations in the pleading; rather, the nonmovant must respond to the motion for summary judgment by setting forth particular facts indicating that there is a genuine issue for trial. *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be

granted. *Id.* (citing *Celotex Corp.*, 477 U.S. at 322, 106 S.Ct. 2458.))

## Analysis

The Equal Pay Act provides, in pertinent part, as follows:

> No employer . . . shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex: *Provided*, That an employer who is paying a wage rate differential in violation of this subsection shall not, in order to comply with the provisions of this subsection, reduce the wage rate of any employee.

29 U.S.C. § 206(d)(1).

Carrier argues that the front pay damages sought by McFarlain are available only under Title VII, and that plaintiff had never filed a Title VII claim against Carrier. Under the Equal Pay Act, a plaintiff may recover compensatory damages consisting of back wages, as well as liquidated damages in the amount of double the backpay award for willful violations. *Hildebrandt v. Illinois Department of Natural Resources*, 347 F.3d 1014,1031 (7th Cir. 2003). In addition to compensatory damages, Title VII allows a plaintiff to recover equitable relief in the form of backpay and reinstatement, or front pay in lieu of reinstatement. *Id.*

McFarlain has not asserted a Title VII claim here.[1] However, she argues that she has asserted a supplemental state law claim under Louisiana law, which allows damages for front pay.

In the Complaint, McFarlain asserted violations of "the Equal Pay Act, 29 U.S.C. 206 and other applicable provisions of federal law and the Louisiana Civil Code and Revised Statutes." (rec. doc. 1, ¶ 7). Although plaintiff has not specifically pled a claim under the Louisiana Employment Discrimination Law ("LEDL"), La. R.S. 23:301 *et seq.*, she is correct that this act permits recovery of front pay.[2]

LEDL provides, in pertinent part, as follows:

A. It shall be unlawful discrimination in employment for an employer to engage in any of the following practices:

\*\*\*

(2) Intentionally limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities, or otherwise adversely affect his status as an employee, because of the individual's race, color, religion, sex, or national origin.

La. R.S. 23:332.

---

[1]McFarlain concedes that she has not met the procedural requirements for filing a claim under Title VII, as she admits that she did not seek review by either the EEOC or the State Commission on Human Rights prior to initiating her suit. (rec. doc. 22, p. 3).

[2]Notice pleading, not fact pleading as in state court, is all that is required under the Federal Rules of Civil Procedure in this Court. Fed.R.Civ.Proc. Rule 8(a).

The LEDL allows a remedy for front pay under La. R.S. 23:303, which provides as follows:

> A. A plaintiff who has a cause of action against an employer, employment agency, or labor organization for a violation of this Chapter may file a civil suit in a district court seeking compensatory damages, back pay, benefits, reinstatement, or if appropriate, *front pay*, reasonable attorney fees, and court costs. In such a suit, the venue shall be the district court in the parish in which the alleged violation occurred.

(emphasis added).

McFarlain states that "[u]nlike Title VII claims, it is not mandatory that plaintiff seek review by either the EEOC or the state Commission on Human Rights prior to initiating her state suit." (rec. doc. 22, p. 3). However, LEDL does contain the following pre-filing requirements:

> C. A plaintiff who believes he or she has been discriminated against, and who intends to pursue court action *shall give the person who has allegedly discriminated written notice of this fact at least thirty days before initiating court action*, shall detail the alleged discrimination, *and both parties shall make a good faith effort to resolve the dispute prior to initiating court action.*

(emphasis added).

In defendant's reply brief (rec. doc. 23), Carrier states that plaintiff failed to provide written notice as required by the Act. Additionally, plaintiff has made no showing that the parties made a "good faith effort" to resolve this dispute prior to

5

filing suit. Failure to satisfy the notice component, unless the plaintiff has filed a charge of discrimination with the EEOC, warrants dismissal of this claim without prejudice. *Dunn v. Nextel South Corporation*, 207 F.Supp.2d 523, 524 (M.D. La. 2002); *Schildkraut v. Bally's Casino New Orleans, LLC*, 2004 WL 2348321, *11 (E.D. La. Oct. 14, 2004); *Simpson-Williams v. Andignac*, 902 So.2d. 385, 387-88, 2004-1539 (La. App. 4 Cir. 4/20/05). Because McFarlain cannot show that she has satisfied the conditions set forth under § 23:303(C), she is procedurally barred from filing a claim under LEDA.

## Conclusion

Based on the foregoing reasons, the Motion for Partial Summary Judgment is hereby GRANTED, and plaintiff's claim for front pay is DISMISSED WITHOUT PREJUDICE.

Signed this 16 day of August, 2005, at Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE